UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SETH CAMERON VIRGIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.    ) | No. 1:25-cv-01641-MPB-MJD |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS INC, ) et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Defendant Experian Information Solution Inc.'s ("Experian") Motion to Compel Arbitration. [Dkt. 193.] The Court, being duly advised, hereby **GRANTS** the motion for the reasons set forth below.

As relevant to the instant motion, Plaintiff alleges that his identity was stolen and used by others to obtain numerous apartment leases. When the rent was not paid on the apartments, the non-payment was reported as collection efforts on Plaintiff's Experian credit file. Plaintiff alleges, *inter alia*, that Experian's actions and omissions regarding this situation, including, but not limited to, its failure to correct its reports after Plaintiff reported the identify theft, violated the Fair Credit Reporting Act.[1]

Experian now moves to compel arbitration of Plaintiff's claims against it based on an arbitration provision Plaintiff agreed to when he enrolled in CreditWorks, a service provided by an affiliate of Experian. Plaintiff does not dispute that he entered into the contract at issue, the

---

[1] Experian states in its brief in support of the instant motion that this is a putative class action. [Dkt. 194 at 7.] It is not.

terms of which are found at Docket Number 194-1.  He does not dispute that the contract, including the arbitration provision, is valid and enforceable.  He does not dispute that the Experian entity he has sued in this case can enforce the provision.  And he does not dispute that the arbitration provision delegates the issue of arbitrability to the arbitrator.  *See id.* at 53 ("All issues are for the arbitrator to decide including, but not limited to . . . all issues regarding arbitrability.")

Plaintiff's sole argument is that his claims against Experian in this case are not encompassed by the arbitration provision because they do not relate to CreditWorks in any way.  In other words, Plaintiff's claims in this case would exist even if he had never signed up for CreditWorks and even if he had no contractual relationship at all with Experian or its affiliates.  Plaintiff's argument is well-taken, but unavailing.  The United States Supreme Court has held, unequivocally, that there is no "wholly groundless" exception to the general rule that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract."  *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019).  Thus, even when the court believes that the argument that the arbitration agreement applies to the dispute before it is wholly groundless, the court may not "short-circuit the process and decide the arbitrability question themselves," because the parties have agreed that the arbitrator, not the court, will resolve the arbitrability question.  *Id.*

Experian has submitted undisputed evidence that the parties entered into an agreement that contains an arbitration provision and that the arbitration provision delegates the issue of arbitrability to the arbitrator.  Accordingly, the motion to compel arbitration is **GRANTED** and this case is **STAYED AS TO EXPERIAN ONLY** pending resolution of the arbitration proceedings.

In light of this ruling, Experian's Motion for a Stay of Discovery Pending Resolution of Motion to Compel Arbitration or, in the Alternative, for a Protective Order, [Dkt. 274], is **DENIED AS MOOT**.

The parties shall file a joint report on the status of their arbitration proceeding on **March 3, 2026**, and every **28th day thereafter**, until the arbitration proceeding is complete.

SO ORDERED.

Dated: 26 NOV 2025

                         Mark J. Dinsmore
                         United States Magistrate Judge
                         Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.