UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SETH CAMERON VIRGIL,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, et al.,<br><br>    Defendants. | Case No. 1:25-cv-01641-MPB-MJD |

### DEFENDANTS CUSHMAN & WAKEFIELD U.S., INC. AND PINNACLE PROPERTY MANAGEMENT SERVICES, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Cushman & Wakefield U.S., Inc. ("Cushman & Wakefield") and Pinnacle Property Management Services, LLC ("Pinnacle"), (collectively, the "C&W Defendants") submit this Reply in support of their motion to dismiss Plaintiff's Complaint for Damages (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

### INTRODUCTION

Plaintiff's three-page response fails to address to the arguments raised in the C&W Defendants' motion to dismiss in any meaningful way and effectively concedes the propriety of the arguments raised in the motion. In particular, the C&W Defendants' motion to dismiss argues that Plaintiff's Complaint runs afoul of the requirements of Rule 8 of the Federal Rule of Civil Procedure. Rather than addressing this argument, Plaintiff's response creates additional confusion regarding the claims against the C&W Defendants by making arguments as to claims that he does not even assert against the C&W Defendants. Moreover, Plaintiff's failure to respond to the statute of limitations and other legal arguments raised in the C&W Defendants' motion to dismiss results

1

in the forfeiture of each of his claims. While Plaintiff does attempt to make an argument in favor of allowing his Fair Credit Reporting Act ("FCRA") claims to proceed, the argument is improper as it relies on conclusory and unsupported allegations outside of the pleadings and refers to documents that purportedly exist that are not attached to his Complaint. Finally, Plaintiff's argument regarding his FRCA claims would be insufficient in any event to cure the factual and legal defects raised in the C&W Defendants' motion with respect to the claims.

For the reasons discussed in the C&W Defendants' motion to dismiss and the additional reasons discussed below, Plaintiff's Complaint against the C&W Defendants should be dismissed with prejudice in its entirety.

## ARGUMENT

**I.     Plaintiff's response underscores the confusion caused by his failure to comply with Rule 8.**

Plaintiff's response fails to even address his failure to comply with Rule 8. Instead of attempting to rebut the C&W Defendants' argument or provide clarity regarding the claims asserted against the C&W Defendants, Plaintiff's response highlights the issues with his Complaint and the prejudice to the C&W Defendants as a result. Specifically, Plaintiff's response implies that he has asserted claims against the C&W Defendants for violations of Sections 1681e(b), 1681c-2, and 1681m of the FCRA. *See* Pl.'s Resp. at 3, ECF No. 298. However, the allegations related to Plaintiff's claims under Sections 1681e(b) (Count III) and 1681c-2 (Count V) suggest that those claims have been asserted against the "Credit Reporting Agency Defendants" only. *See e.g.*, Compl. ¶ 665 ("In this case, the CRA Defendants violated Section 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in preparation,

maintenance, and dissemination of Plaintiff's consumer reports"); *Id.* ¶ 711 ("These CRA Defendants thus violated Section 1681c-2 by failing to block all items of information specifically identified as having derived from the Fraudulent Accounts per Plaintiff's respective disputes, which unequivocally substantiated that the information was the result of Identify Theft"). The allegations related to Plaintiff's Section 1681e(b) and 1681c-2 claims do not include any facts regarding wrongful conduct allegedly engaged in by the C&W Defendants or apartment defendants more generally. Adding further to the confusion, Plaintiff's Complaint does not assert a cause of action for violation of Section 1681m. Thus, it is unclear why Plaintiff's response references such a claim.

To form a defense, the C&W Defendants "must know what [they are] defending against; that is, [they] must know the legal wrongs [they are] alleged to have committed and the factual allegations that form the core of the claims asserted against [them]." *Stanard v. Nygren*, 658 F.3d 792, 799 (7th Cir. 2011). As explained in the C&W Defendants' opening brief, (*see* Mem. in Supp. of Mot. to Dismiss at 5-6, ECF No. 230), and amplified by Plaintiff's response, the Complaint fails to give the C&W Defendants fair notice of the claims against them; thus, the Complaint should be dismissed in its entirety. *Stanard*, 658 F.3d at 797 ("The primary purpose of [Rule 8] is to give defendants fair notice of the claims against them and the grounds supporting the claims.").

II.     **Plaintiff has forfeited each of his claims by failing to respond to the C&W Defendants' arguments.**

Plaintiff's response fails to address the argument raised by the C&W Defendants that his FCRA, Fair Debt Collection Practices Act ("FDCPA"), Indiana Deceptive Consumer Sales Act ("IDCSA"), Indiana Crime Victim's Relief Act, negligence, conversion, and invasion of privacy claims are barred by the applicable statute of limitations. Likewise, Plaintiff fails to address the

arguments regarding the factual and legal deficiency of his FDCPA, IDCSA, Indiana Crime Victims Relief Act, Indiana Anti-Racketeering Statute, negligence, invasion of privacy, conversion, or unjust enrichment claims. By failing to address such arguments, Plaintiff has forfeited each of his claims against the C&W Defendants. *See Braun v. Vill. of Palatine*, 56 F. 4th 542, 553 (7th Cir. 2022) (holding that plaintiff effectively abandoned his claim by not addressing it in his response to the motion to dismiss); *Boogaard v. NHL*, 891 F.3d 289, 295 (7th Cir. 2018) (noting that "a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss.") (citation omitted); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (holding that claim was waived because plaintiff "did not present legal arguments or cite relevant authority to substantiate [his] claim in responding to [the] defendants' motion to dismiss"); *Wojtas v. Cap. Guardian Tr. Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (Plaintiff's "failure to offer any opposition to [defendant's] statute of limitations argument constituted a waiver"). Accordingly, dismissal of each of Plaintiff's claims is warranted on the grounds that Plaintiff has failed to respond to arguments raised in the C&W Defendants' motion to dismiss.

**III.     Plaintiff's response does not save his Section 1681b FCRA claim from dismissal.**

In his response, Plaintiff contends that "uploaded screening records and disclosures support each of [his] FCRA claims." Pl.'s Resp. at 3. As discussed above, even a generous reading of Plaintiff's Complaint does not suggest that Plaintiff has asserted claims against the C&W Defendants for violation of Sections1681e(b), 1681c-2, and 1681m of the FCRA. Hence, Count I of Plaintiff's Complaint for violation of Section 1681b is the only FCRA claim that reasonably

can be interpreted as being asserted against the C&W Defendants and addressed in Plaintiff's response. Even so, Plaintiff's deficient response does not save his Section 1681b claim.[1]

As an initial matter, the conclusory allegations in Plaintiff's response about "uploaded screening records and disclosures" are nowhere to be found in the Complaint. Indeed, it is unclear what "uploaded screening reports" Plaintiff is referring to, as no screening reports were attached to Plaintiff's Complaint or response, nor are the C&W Defendants aware of any screening reports that have been produced in this case. Even if Plaintiff had attached such documents to his response, it is generally improper for the Court to consider matters outside of the pleadings when considering a motion to dismiss. *See Interactive Intel., Inc. v. KeyCorp, KeyBank Nat'l Ass'n*, No. 1:05-CV-1518-LJM-WTL, 2006 WL 8446355, at *6 (S.D. Ind. Aug. 21, 2006) (declining to consider "matters uncovered during discovery" that were submitted in attempt to overcome the motions to dismiss); *Eglen v. Am. Oneline, Inc.*, No. TH-00-0135-C-M/H, 2001 WL 1028851, at *3 (S.D. Ind. June 19, 2001) ("Where the parties submit material outside of the pleadings, the Court is normally obligated to either not consider the extraneous submissions in ruling on the motion or to convert the motion to one for summary judgment and provide the parties with an opportunity to submit supplementary materials."); *Reiter v. Noel*, No. 422CV00127SEBKMB, 2023 WL 5177314, at *6 (S.D. Ind. Aug. 11, 2023) ("[I]t is well-established that a plaintiff may not amend their complaint by raising entirely new allegations or claims in response to a motion to dismiss.").

More critically, Plaintiff fails to rebut that the C&W Defendants had a legitimate business need for obtaining his consumer report, as they reasonably believed that Plaintiff was initiating a

---

[1] As discussed above, Plaintiff's response fails address the C&W Defendants' argument that his FCRA claims are barred by the applicable two-year statute of limitations; thus, Plaintiff has waived any arguments, and his Section 1681b claim should be dismissed on statute of limitations grounds. *Wojtas*, 477 F.3d at 926 (Plaintiff's "failure to offer any opposition to [defendant's] statute of limitations argument constituted a waiver").

business transaction. *See* Mem. in Supp. of Mot. to Dismiss at 8 (citing *Heim v. Comcast Cable Commc'ns LLC*, No. 18-CV-07962, 2020 WL 9211285 at *2 (N.D. Ill. June 1, 2020); *Carlson v. Synchrony Bank*, No. 21-CV-077-WMC, 2022 WL 1302841, at *2 (W.D. Wis. May 2, 2022); *Bickley v. Dish Network*, LLC, 751 F.3d 724, 733 (6th Cir. 2014)). While Plaintiff contends that the C&W Defendants "accessed and used Plaintiff's credit information under fraudulent pretense without verifying the applicant's identity," (Pl.'s Resp. at 3), as discussed in the C&W Defendants' motion to dismiss, Plaintiff fails to raise any facts to show that, prior to the C&W Defendants allegedly receiving the tenant screening reports, they had any reason to believe that the person submitting the application was not, in fact, Plaintiff. *See Heim*, 2020 WL 9211285, at *5. Plaintiff's response does not point to any allegations or make any argument to plausibly demonstrate otherwise. Accordingly, Plaintiff's Section 1681b claim must be dismissed.

### IV.     Plaintiff should not be granted leave to amend his Complaint.

As discussed above, all but two of Plaintiff's claims against the C&W Defendants are barred by the applicable statute of limitations; thus, any attempt by Plaintiff to amend those claims would be futile. *James v. Mace*, No. 3:22-CV-1012-TLS-MGG, 2023 WL 8618496, at *3 (N.D. Ind. Dec. 12, 2023), *aff'd*, No. 24-1037, 2024 WL 4511468 (7th Cir. Oct. 17, 2024) ("Plaintiff's claims against the [d]efendants are time-barred. Therefore, any amendments would be futile, and the [p]laintiff's claims should be dismissed with prejudice."); *Stanard*, 658 F.3d at 797 (A court should not grant leave to amend "where the amendment would be futile."). Additionally, Plaintiff will be unable to establish facts to support his two remaining claims for violation of the Indiana Anti-Racketeering Statute and unjust enrichment. Specifically, as discussed in the C&W Defendants opening brief, Plaintiff cannot show that the C&W Defendants engaged in any

underlying wrongful activity to support his anti-racketeering claim. *See* Mem. in Supp. of Mot. to Dismiss at 14. And Plaintiff's unjust enrichment claim cannot proceed because Plaintiff did not pay any fees to the C&W Defendants, and he will be unable to plausibly allege that he did so, as the crux of his claim is that an imposter submitted rental applications in his name. Because any amendment would be futile, Plaintiff's claims against the C&W Defendants should be dismissed with prejudice. *Stanard*, 658 F.3d at 797.

## CONCLUSION

For the foregoing reasons, the C&W Defendants' motion to dismiss should be granted, and each of Plaintiff's claims against the C&W Defendants should be dismissed with prejudice.

Dated: December 8, 2025

/s/ Rodney Perry
Brian O. Watson
Rodney Perry (*pro hac vice*)
Bria Stephens (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1 South Dearborn Street, Suite 2200
Chicago, IL 60603
Tel: 312-471-8700
Fax: 312-471-8701
bwatson@rshc-law.com
rperry@rshc-law.com
bstephens@rshc-law.com

*Counsel for Defendant Cushman & Wakefield U.S. Inc. and Pinnacle Property Management Services, LLC*

## CERTIFICATE OF SERVICE

I, Rodney Perry, hereby certify that on this 8th day of December, 2025, the foregoing document was filed electronically using the Court's CM/ECF system, which send electronic notification to all registered parties.

/s/ Rodney Perry
Rodney Perry
