UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SETH CAMERON VIRGIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01641-MPB-MJD |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS INC, LEASINGDESK SCREENING, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Magistrate Judge Mark Dinsmore issued a Report and Recommendation ("R&R") recommending that attorney James Policchio be personally sanctioned $10,000.00 under Federal Rule 11 for "filing five briefs that contained citations to non-existent cases." (Docket No. 395 at ECF p. 11). Policchio did not file an objection to the R&R. The Court, finding no clear error, **ADOPTS** the R&R, (Docket No. 395), and **ORDERS** that Policchio be personally sanctioned in the amount of $10,000.00.

## I. Background

Policchio represents a plaintiff in a consumer credit action that was originally filed against forty-seven defendants. After two defendants moved to dismiss, (Docket No. 215), Policchio submitted a response in opposition bearing his and his co-counsel's signature, (Docket No. 294). The moving defendants filed a reply brief highlighting six case citations in Policchio's response, (Docket No. 302 at ECF pp. 3, 5–7), which appeared fabricated, and another four that appeared to misrepresent case holdings. The defendants also identified two additional nonexistent cases cited in two of Policchio's previous filings. (*Id.* at ECF p. 7). One week later,

Policchio submitted a response in opposition to a different motion to dismiss in the case. (Docket No. 331). This filing also contained citations to nonexistent cases, (Docket No. 331 at ECF pp. 11, 16), which defendants again raised with the Court, (Docket No. 333).

The Magistrate Judge ordered Policchio and his co-counsel to show cause why they should not be sanctioned for repeated violations of Rule 11(b) through their submission of fabricated case citations. (Docket No. 338 at ECF p. 3). Counsel were also directed to submit a list of every case cited throughout their filings in this action and certify whether each case was accurately cited, inaccurately cited, or nonexistent. (*Id.* at ECF pp. 3–4). In total, there were eleven nonexistent and four inaccurate citations identified throughout five separate filings, (Docket Nos. 115; 240; 289; 294; 331), the last of which was filed seven days after the defendants first raised their concerns with the Court. Given that Policchio's conduct may violate the Indiana Rules of Professional Conduct, and in accordance with local rules, the Magistrate Judge notified the Chief Judge, (Docket No. 395 at ECF p. 11), who referred this matter to the Indiana Attorney Disciplinary Commission for disciplinary action consideration, (Docket No. 399 at ECF p. 1).

At the show cause hearing, Policchio took full responsibility for the citation "errors" in his filings. (Docket No. 395 at ECF pp. 3–4). He also confirmed that his co-counsel played no part in drafting or reviewing the filings, and that his co-counsel never gave permission for Policchio to "affix [his] signature to those briefs." (*Id.* at ECF p. 3). In explaining how the inaccurate citations came to be, Policchio disclosed he was "overwhelmed by [his] workload," had terminated his LexisNexis research account, and resorted to "cutting and pasting" from various documents from a prior case to create the filings. (*Id.* at ECF pp. 3–4 & n.2).

## II. Legal Standard

By submitting a filing, an attorney certifies that, after a reasonable inquiry, the material within the filing is warranted by existing law or by a nonfrivolous argument. Fed. R. Civ. P. 11(b)(2). Federal Rule 11 permits district courts to impose sanctions on any attorney, firm, or party whose legal contentions violate this standard. Fed. R. Civ. P. 11(c)(1). Imposing sanctions under this rule requires an "objective determination of whether a sanctioned party's conduct was reasonable under the circumstances." *Brown v. Fed'n of State Med. Bds. of the U.S.*, 830 F.2d 1429, 1435 (7th Cir. 1987), *overruled on other grounds by Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928 (7th Cir. 1989). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction[.]" Fed. R. Civ. P. 11(c)(1). Sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Rule 11 Motions are nondispositive. *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992). Under Rule 72, a party who disagrees with a Magistrate Judge's nondispositive motion recommendation must file a written objection within fourteen days of service. Fed. R. Civ. P. 72(a). If no objection is raised, the district court reviews the recommendation for clear error. *Id.*; *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## III. Discussion

Having reviewed the record and the R&R, the Court finds the Magistrate Judge correctly applied the standard for Rule 11 sanctions and did not commit clear error. Simply put, by repeatedly using inaccurate and nonexistent case citations in five filings, Policchio abandoned

his duty to conduct a reasonable inquiry into his legal contentions while nevertheless certifying that he had. Failure to verify a case citation's accuracy, let alone the case's existence, is objectively unreasonable. As the Seventh Circuit recently impressed upon the legal community, "honesty and vigilance in checking the accuracy of all citations and quotes" is counsel's professional responsibility and is critical to the administration of justice. *Dec v. Mullin*, 171 F.4th 940, 947–48 (7th Cir. 2026).

Policchio did not cite generative AI use when explaining his conduct. (Docket No. 395 at ECF pp. 3–4). Yet, as the Magistrate Judge notes, (*Id.* at ECF p. 4 n.2), it is difficult to see how Policchio's explanation accounts for the presence of nonexistent or inaccurate citations—often "hallmarks of AI hallucinations"—in his filings. *Perez-Castillo v. Blanche*, 177 F.4th 837, 844 (7th Cir. 2026). Regardless, Policchio admits he failed to conduct a reasonable inquiry into the cases he cited. And, whether his practice is aided through generative AI or not, Policchio alone is responsible for ensuring his compliance with Rule 11 and professional obligations. *D'Ambrosio v. Meta Platforms Inc.*, 176 F.4th 928, 941 (7th Cir. 2026) ("Submitting fictious quotations to a court, regardless of how they are generated, is obviously inconsistent with the standards of conduct[.]").

This case does not involve an isolated filing or citation, making the recommended $10,000 sanction appropriate. The pervasive nature of Policchio's violations—five separate briefs spanning a two-month period with one filed after his problematic citations were reported— is more egregious than some other recent cases involving fabricated or hallucinated case citations. *See Davis v. Marion Cnty. Superior Ct. Juv. Det. Ctr.*, No. 1:24-cv-1918, 2026 WL 1408448, at *1 (S.D. Ind. May 20, 2026) (imposing $2,000 sanction for two citations to nonexistent cases within a single brief); *Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*,

No. 2:24-cv-326, 2025 WL 1511211, at *2 (S.D. Ind. May 28, 2025) (imposing $6,000 sanction for submission of three briefs containing citations to nonexistent cases); *Mullin*, 171 F.4th at 948 (publicly admonishing counsel who submitted a brief containing two nonexistent case citations); *Perez-Castillo*, 177 F.4th at 846, 848 (imposing $5,000 sanction where counsel filed a brief "replete with false quotations, erroneous statements of law, and factual representations contradicted by the record" and a revised brief still containing "hallucinated quotes" and referring the other counsel to state attorney disciplinary authorities). Although Policchio has expressed remorse, aggravating circumstances necessitate significant monetary sanctions to sufficiently deter repetition of this conduct.

## IV. Conclusion

Having reviewed the record and the Report and Recommendation, the Court finds the Magistrate Judge did not commit clear error. The Court therefore **ADOPTS** Magistrate Judge Dinsmore's Report and Recommendation. (Docket No. 395). Attorney Policchio is **personally sanctioned $10,000** and shall pay that amount to the Clerk of Court within thirty days of service of this Order.

**IT IS SO ORDERED.**

Dated: September 11, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronic service on all ECF-registered counsel.

Financial Deputy Clerk